UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 1:09-cr-92-001-CLC-SKL |
| v. | ) | |
| | ) | |
| DOMINIQUE L. COLLINS | ) | |

## MEMORANDUM AND ORDER

DOMINIQUE L. COLLINS ("Defendant") came before the Court for an initial appearance on February 9, 2022, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 80].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Everett Hoagland to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Perry Piper explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved that Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived the preliminary hearing, but requested a detention hearing.

The detention hearing followed immediately. The Government relied upon the allegations in the Petition [Doc. 80]. The Petition includes a recitation of the violations of conditions of supervision committed by Defendant, *to wit*, Defendant must not commit another federal, state or local crime; Defendant must answer truthfully the questions asked by the probation officer; and Defendant must not communicate or interact with someone he knows is engaged in criminal activity.[1]

The Petition further sets forth a summary of facts. On September 13, 2021, Chattanooga police responded to a simple assault call. Gineka Bickerstaff indicated that she was assaulted by Ceaira Jones and Dominique Collins. Ms. Jones and Ms. Bickerstaff got into a physical altercation.

---

[1] Conditions summarized for the sake of brevity.

Then Defendant Dominique Collins intervened by punching Ms. Bickerstaff several times, kicking her in the head, grabbing her hair and dragging her some distance. Ms. Bickerstaff was transported to the hospital for treatment.

Defendant was arrested twice during the current period of supervised release. Defendant has a significant criminal history, and has three pending criminal charges, one of which is a charge of murder in the second degree.

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant violated conditions of supervised release and finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community. The Government did not argue, and the Court does not find, that Defendant is a risk of flight. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

2. Pending further order of the Court, the United States Marshal's Service shall transport Defendant to the revocation hearing before United States District Judge Curtis L. Collier on **April 20, 2022, at 2:00 p.m.**

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE